UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 10-107-P-H |
| | ) | |
| JEREMY ROY, | ) | |
| DEFENDANT | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS INDICTMENT**

The defendant is charged with two violations of 18 U.S.C. § 922(g)(4). That statute prohibits possession of a firearm or ammunition (in commerce) by anyone "who has been committed to a mental institution." 18 U.S.C. § 922(g)(4). Count One of the Indictment charges that this defendant possessed firearms and ammunition on April 29, 2010, after having been "committed" to a mental institution on March 23, 2009. Indictment at 1 (Docket Item 19). Count Two charges that he possessed ammunition on June 10, 2010, after having been "committed" on March 23, 2009 and on April 30, 2010. Indictment at 2. He has moved to dismiss both counts on the basis that his "commitments" were both emergency involuntary admissions (called "blue paper" admissions in Maine)[1] and do not qualify under the language of

---

[1] On a motion to dismiss an indictment, I would ordinarily not consider facts that the government would need to prove at trial. But the government here has not contested the defendant's factual assertions about his previous admissions to a mental institution and indeed relies on the same documents in its legal memorandum. Gov't's Opp'n to Mot. to Dismiss Indictment at 3-8 (Docket Item 48).

§ 922(g)(4) or, if they do qualify, will result in an unconstitutional criminal conviction under both the Second and Fifth Amendments to the U.S. Constitution. Mot. to Dismiss Indictment with Incorporated Mem. at 8-9 (Docket Item 32). Following oral argument on October 4, 2010, the motion is **DENIED**.

The defendant's first argument—that the federal statute does not extend to his blue paper admissions in Maine—is foreclosed in this court by previous decisions of the First Circuit Court of Appeals. United States v. Holt, 464 F. 3d 101, 105 (1st Cir. 2006); United States v. Chamberlain, 159 F.3d 656, 663 (1st Cir. 1998).[2] Having preserved the argument by raising it here (where as a trial judge I must follow the appellate holdings), the defendant must renew that argument to the Court of Appeals.

The defendant's Second Amendment arguments are foreclosed by language in District of Columbia v. Heller, 128 S.Ct. 2783 (2008) and McDonald v. Chicago, 130 S.Ct. 3020 (2010). Heller stated: "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." 128 S.Ct. at 2816-17. McDonald stated: "We made it clear in Heller that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill.' . . . We repeat those assurances here." 130 S.Ct. at 3047. Although the defendant argues that these recent Second Amendment holdings increase the scrutiny to be given

---

[2] Appropriately, the defendant recognizes this controlling precedent, Mot. to Dismiss Indictment with Incorporating Mem. at 8, but preserves his argument for appeal.

cases like this and that he does not qualify as mentally ill, my colleagues in this District have ruled a number of times after Heller and McDonald that Maine blue paper commitments continue to make firearm possession illegal under this federal statute and that they are constitutional in doing so. See United States v. Burhoe, No. CR-06-57-B-W, 2010 WL 3719606, at *2 (D. Me. Sept. 21, 2010); United States v. Zetterman, No. CR-09-54-B-W, 2010 WL 1049870, at *2 (D. Me. Mar. 17, 2010); United States v. Small, No. CR-09-184-B-W, 2010 WL 583643, at *2 (D. Me. Feb. 16, 2010); United States v. Murphy, 681 F. Supp. 2d 95, 103 (D. Me. 2010).

The defendant's substantive and procedural due process arguments (including adequacy of notice and process) are foreclosed by Judge Woodcock's reasoning in Murphy, 681 F. Supp. 2d at 101 & n.12 (addressing the significance of the fact that Chamberlain chronologically follows Vitek v. Jones, 445 U.S. 480 (1980) and Addington v. Texas, 441 U.S. 418 (1979) and therefore is binding in the First Circuit) and Judge Singal's reasoning in United States v. Milheron, 231 F. Supp. 2d 376, 378-81 (D. Me. 2002) (addressing Fifth Amendment notice and due process concerns), with both of which I agree.

I see no reason to repeat the analyses of my colleagues in these cases. They apply equally here. The issues the defendant raises here belong now to the Court of Appeals.

**SO ORDERED.**

**DATED THIS 6TH DAY OF OCTOBER, 2010**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**